IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 10-3468-CV-S-JTM |
| RICHARD EUGENE ROLLER, | ) ) ) |
| Defendant. | ) |

# ORDER

On February 27, 2004, plaintiff U.S. Bank National Association ("USB") extended a loan of $660,000 to the Virginia Roller Revocable Trust ("the Trust"). On April 11, 2008, USB and the Trust entered into a modification of the loan, extending the maturity date and increasing the loan amount to $1,500,000. In consideration of the loan and the later modification, on February 27, 2004 and on April 11, 2008, defendant Richard Eugene Roller ("Roller") executed unlimited continuing guaranties wherein Roller promised to repay the Trust's indebtedness in the event of a default.

In the present action, USB has brought an action against Roller seeking to recover on the two guaranties based on the Trust's default on the loan. Pending before the Court is USB's motion for summary judgment. In compliance with FED. R. CIV. P. 56, USB's motion establishes –by competent evidence – the underlying loan (and modification), Roller's personal guaranties on the indebtedness, and the Trust's default. Initially, Roller – who is proceeding *pro se* – did not respond to the motion. However, following a hearing with the Court, Roller ultimately did file a response. Therein, Roller asserts a single argument, to wit:

> [USB] has received payments, and continues to receive payments
> under the approved Chapter 12 Bankruptcy Plan of the debtor,
> Virginia Roller.[1] With repayment plans continuing, [USB] cannot
> determine an accurate claim of loss until the completion of the
> Chapter 12 plan of Virginia Roller.

USB acknowledges that it has received payments under the bankruptcy plan for Virginia Roller that have been applied to the Trust's indebtedness. However, as noted by USB, even with the application of such payments, the Trust is still in default. To that end, the personal guaranties executed by Roller on February 27, 2004 and on April 11, 2008 provide that Roller:

> absolutely and unconditionally jointly and severally guarantees
> prompt payment of and promises to pay or cause to be paid to
> [USB the indebtedness] whether or not the Obligations are valid
> and enforceable against [the Trust,] whenever the Obligations
> become due . . . or at the time [the Trust] . . . shall become the
> subject of any bankruptcy or insolvency proceeding.

Moreover, the guaranties do not impose any requirement that USB exhaust efforts to collect from the Trust before seeking to enforce the guaranty against Roller, specifically providing that USB "can demand from and impose liability on [Roller] without first trying to collect from [the Trust] or any other guarantor."

In light of the language in the personal guaranties and the Missouri law on guaranties, the Court finds that Roller's response to the summary judgment motion is not sufficient to defeat summary judgment. USB has established the amounts owed to it under the guaranties, but does agree that those amounts are subject to adjustment based on payments received through the bankruptcy plan. *Compare Belote v. McLaughlin*, 673 S.W.2d 27, 30 (Mo. 1984) (*en banc*)

---

[1] Virginia Roller is Roller's mother and the Trustee of the Trust. Ms. Roller and the Trust are currently operating under a Chapter 12 bankruptcy plan in the District, *In re Virginia Lee Roller*, Case No. 10-31125 (Bankr. W.D. Mo.).

(although there may be multiple and simultaneous efforts to collect on an indebtedness "there can be one satisfaction of the amount of the debt").  Accordingly, it is

**ORDERED** that USB's *Motion For Summary Judgment*, filed July 14, 2011 [Doc 16] is **GRANTED** in favor of USB and against defendant Richard E. Roller for the default of the Trust on its indebtedness.  It is further

**ORDERED** that within three days of the date of this *Order*, USB shall file with the Court a proposed order calculating and setting forth the amount owed by Roller under the personal guaranties including credits for any and all monies received on the indebtedness (including through a bankruptcy plan) through the date of this *Order*.  It is further

**ORDERED** that the telephone pretrial conference set for Tuesday, December 20, 2011 as well as the trial set to commence on Monday, January 9, 2012 are cancelled.

      */s/ John T. Maughmer*
    **JOHN T. MAUGHMER**
    **U. S. MAGISTRATE JUDGE**